Cite as 2024 Ark. App. 620

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-789

| | | |
|---|---|---|
| ANGELA STYLES | APPELLANT | **Opinion Delivered** December 11, 2024 |
| V. | | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58DR-18-53] |
| | | HONORABLE GORDON W. "MACK" MCCAIN, JR., JUDGE |
| JAMES STYLES | APPELLEE | DISMISSED |

## KENNETH S. HIXSON, Judge

This is a postdivorce dispute between appellant Angela Styles and appellee James (Jamey) Styles. Angela appeals from an order finding her in contempt and a subsequent order awarding attorney's fees. For reversal, Angela argues that the trial court erroneously found her in contempt, and consequently, it erroneously awarded the associated attorney's fees. Jamey moved to dismiss the appeal after Angela filed her brief, and the motion was passed to the panel upon submission of the case. We must dismiss the appeal because there is no final and appealable order from which to appeal.

Angela and Jamey were divorced on February 10, 2020, and a final order was entered in the divorce proceeding on July 27, 2021, that granted Jamey custody of the parties' four minor children subject to Angela's standard visitation. The final order also provided that Jamey "is in charge of all aspects of the children's lives," including the "children's medical

care." Angela appealed from the final order in the divorce case, raising numerous arguments on appeal, including that the trial court erred an awarding custody of the children to Jamey. In *Styles v. Styles*, 2024 Ark. App. 435, ___ S.W.3d ___ (*Styles I*), among other dispositions of the case not pertinent to this appeal, we affirmed the trial court's decision to award Jamey custody of the children, and our decision did not disturb the trial court's finding that Jamey is in charge of all aspects of the children's lives, including the children's medical care. The final order in the divorce case also provided that the trial court's previous orders regarding the parties' communication and conduct remained in effect, which limited their communication to only those matters involving the children and enjoined the parties from harassing the other party.

The postdivorce litigation herein began on March 21, 2022, when Jamey filed a petition for contempt against Angela.[1] In Jamey's petition for contempt, he alleged that Angela had violated the trial court's prior orders by communicating with him on matters that did not involve the children, by harassing him, and by prescribing the children medication without consulting him. Jamey specifically alleged that Angela had "blown [him] kisses" and that she had sent a text message to their son on the day after Jamey's sister died with the purpose of using their children to harass him.[2] Jamey asked that Angela be found

---

[1]This petition also included a motion for Angela's child support to be paid through the registry of the court, which the trial court later granted and which is not relevant to this appeal.

[2]This text message stated, "Kathy used to tickle Jamey until he passed out. Ask him if he has forgiven her for that. Ask him if she ever apologized for doing that."

in contempt, and he also stated that the trial court should award him attorney's fees for filing the petition. On April 4, 2022, Angela filed a response to Jamey's petition for contempt asking that it be denied.

On May 10, 2022, the trial court held a hearing on Jamey's petition for contempt. Angela and Jamey were the only witnesses to testify at the hearing.

Angela was asked whether she had blown kisses to Jamey while leaving his yard, and she replied that she had not. Angela was also asked about the text message she had sent the day following Jamey's sister's death. Angela acknowledged that she had sent the text but stated that she had sent it to the parties' youngest daughter and not their son as alleged in Jamey's petition. Angela stated that she did not send the text to harass Jamey, but she sent it because the Bible teaches that you must forgive to go to heaven and that she was concerned for Jamey's soul. Angela, who is a licensed dermatologist, also testified that she had prescribed antibiotics to their son for a respiratory illness and had prescribed medication to their daughters for a skin condition. Angela admitted that she prescribed these medications without first consulting with Jamey. However, she stated that she prescribed the antibiotics on Christmas Eve when she presumed Jamey was with other family and that it was in their son's best interest because he had developed a fever with a suspected bacterial infection. Angela stated that after she prescribed medication for the skin condition, she advised her daughters to tell Jamey about it the next day, which they did.

Jamey testified that on one occasion, Angela blew kisses to him as she was leaving his yard. With respect to the text message sent by Angela the day after Jamey's sister died, Jamey

3

testified that he saw this text on their son's phone and that Angela had "demonized" his family over the years. Jamey confirmed that Angela had twice prescribed medication to the children without notifying him and stated that he found out about it only after the fact.

After hearing the testimony at the hearing, the trial court announced from the bench that it was making a finding of contempt against Angela. The trial court stated that Angela had been restricted from making medical decisions for the children, but she prescribed medication to the children, and Angela had violated the court's order not to communicate with Jamey on matters not involving the children by sending the text message regarding Jamey's lost relative. The trial court stated from the bench that it was going to fine Angela, and it also instructed Jamey's counsel to provide an itemization of the attorney's fees associated with the contempt matter.

On August 16, 2022, the trial court entered an order finding Angela in contempt with regard to the allegations in Jamey's contempt petition. In the contempt order, the trial court ordered Angela committed to the local detention center for thirty days, suspended on the condition that she never again disregard the court's order not to malign, harass, or in any way communicate negatively toward Jamey or violate any order of the court. The order of contempt also expressly provided, "The Court shall enter a separate Order regarding fines and attorney's fees." Finally, the trial court ordered Jamey to file a motion for attorney's fees, after which Angela would have ten days to respond to the affidavit of fees.

On August 17, 2022, Jamey filed a motion for attorney's fees and costs. In the motion, Jamey asked for $6310 in attorney's fees and costs, and he attached an itemization

4

of the fees.  On August 22, 2022, Angela filed a response to Jamey's motion for attorney's fees and costs, requesting that all relief requested in the motion be denied.

On August 31, 2022, the trial court entered an order awarding Jamey $6310 in attorney's fees and costs.  This order further stated, "This is not a final Order as the Court is continuing to consider the issue of appropriate fines to be imposed regarding the previous finding of contempt against Angela."

On September 30, 2022, Angela filed a notice of appeal in which she designated for appeal both the August 16, 2022 contempt order and the August 31, 2022 order awarding Jamey attorney's fees.  Angela argues on appeal that she should not have been held in contempt and also that the attorney's fees should be reversed.

We conclude that this appeal must be dismissed because neither order being appealed constitutes a final disposition of the contempt matter.  Arkansas Rule of Appellate Procedure–Civil–2(a)(13) provides that an appeal may be taken from "[a] civil or criminal contempt order, which imposes a sanction *and constitutes the final disposition of the contempt matter*."  (Emphasis added.)  The August 16, 2022 order did not finally dispose of the contempt matter because it stated that a separate order would be entered regarding the associated attorney's fees and fines, and the August 31, 2022 order did not finally dispose of the contempt matter because it clearly contemplated the imposition of fines for the contempt that had yet to be imposed.

In *Shafer v. Estate of Shafer*, 2010 Ark. App. 476, the court of appeals held that a contempt order was not final for purposes of appeal when the order stated it would assess

attorney's fees against the contemnor and instructed the petitioner to submit an itemization of his fees. In *Shafer*, we stated that an order merely announcing the court's determination of the rights of the parties, but contemplating further judicial action, is not appealable. The *Shafer* court thus concluded:

> In the present case, the circuit court has not yet imposed the sanctions for appellant's contempt. Instead, the court has directed the filing of a petition setting forth the costs, fees, and expenses associated with the contempt hearing upon which the court contemplates further judicial action. Consequently, the contempt matter is not yet concluded. Whether a judgment, decree, or order is final is a jurisdictional issue that the appellate court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Mitchell v. Fells*, 2010 Ark. App. 293. We dismiss the appeal for the lack of a final order.

*Shafer*, 2010 Ark. App. 476, at 2. This principle was recently applied by the supreme court in *Heileman v. Cahoon*, 2024 Ark. 164, 699 S.W.3d 85, when the supreme court declined to address a contempt issue based on lack of finality and stated, "An order merely announcing the court's determination of the rights of the parties, but contemplating further judicial action, is not appealable." *Id.* at 10, 699 S.W.3d at 91.

Because the trial court's August 31, 2022 order contemplates further judicial action and there has been no final disposition of the contempt matter, we dismiss this appeal for lack of a final order.[3]

---

[3]We observe that Angela argues that although the August 31, 2022 order itself states it is not final because "the Court is continuing to consider the issue of appropriate fines to be imposed regarding the previous finding of contempt against [Angela]," the order is nonetheless final because, here, the court was referring to a different contempt matter. We disagree. Although there is another order in the record finding Angela in contempt on matters unrelated to this appeal, that contempt order sentenced her to three days in the local detention center but did not contemplate any further judicial action, such as ordering

6

Dismissed.

GLADWIN and THYER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*McDaniel Wolff PLLC*, by: *Bart W. Calhoun*, for appellee.

---

attorney's fees or imposing a fine. From our review of the record, it is clear that the trial court's contemplation of further judicial action in the form of a fine relates to its previous finding of contempt against Angela as stated in its August 16, 2022 order that is at issue in this appeal.